# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO CASILLAS,<br>　　Plaintiff,<br><br>　　　　v.<br><br>SGT. P DOTY, et al.,<br>　　Defendants. | CV 22-6490 DSF (JC)<br><br>Order DISMISSING Case for Failing to Pay Partial Filing Fee and Comply with Court Instructions |

　　On December 6, 2022, the Court granted Plaintiff in forma pauperis status and directed him to pay the initial partial filing fee of $45.67 within 30 days.  (Dkt. 8).  The Court also warned that the case may be dismissed if the amount was not received within that timeframe.  (Id.).  On December 28, 2022, Plaintiff requested additional time to pay the fee.  (Dkt. 10).

　　On February 2, 2023, the Court granted Plaintiff an additional 30 days to pay the initial partial filing fee.  (Dkt. 15).  As Plaintiff had already received extra time while his extension request was pending, and case management orders had already issued, the Court warned that "no further requests for additional time to pay the fee will be entertained," and if Plaintiff did not comply the case would be dismissed without prejudice.  (Id.).

　　Nonetheless, following that Order, the Court received multiple requests from Plaintiff to extend the time to pay until March 20, 2023.  (Dkt. 19, 20).  Notwithstanding the language of the February 2 Order, and with authorization from the Court, the assigned Magistrate Judge granted Plaintiff until March 20 to pay the initial partial filing fee.

(Dkt. 24).  Plaintiff was again cautioned "that the failure to pay the initial partial filing fee by such extended deadline may result in the dismissal of this case without prejudice."  (Id.).

Undeterred by these warnings, in letters dated March 20 & 22, 2023, Plaintiff indicated his sister would pay the partial filing fee on his behalf by March 23 or March 24 at the latest.  (Dkt. 28, 29).  Finally, in a letter dated March 26, 2023, Plaintiff asked the Court to wait until the end of March to see if the payment shows up before taking any action on his case.  (Dkt. 30).

The authority to dismiss a pro se plaintiff's action for failure to prosecute and follow court orders is well settled.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Here, Plaintiff's case has now been pending nearly seven months without any form of payment.  He has had multiple opportunities to comply with instructions and pay the initial partial filing fee.  Accordingly, this case is DISMISSED without prejudice.

IT IS SO ORDERED.

Date: April 5, 2023

*Dale S. Fischer* (signature)

Dale S. Fischer
United States District Judge